# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PELVIC FLOOR CENTERS OF AMERICA, LLC,**

    **Plaintiff,**

v.                                                     Case No: 6:17-cv-916-Orl-31DCI

**MAGIC RACE, LLC, EXMI FIT, LLC, THE BALANCED BODY CENTER, P.A., MICHAEL JORDAN and PHILIP A. ARNONE,**

    **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 13) filed by Defendants The Balanced Body Center, P.A. (henceforth, "Balanced Body") and Philip A. Arnone ("Arnone") (collectively, the "Movants") and the response in opposition (Doc. 19) filed by the Plaintiff, Pelvic Floor Centers of America, LLC ("PFCA"). On September 26, 2017, the Court granted PFCA's request for jurisdictional discovery. (Doc. 25). The Movants (Doc. 26) and PFCA (Doc. 27) have filed supplements to their motion and response, respectively, which the Court has also considered in resolving the instant motion.

    **I.    Background**

The Plaintiff is a Florida limited liability company with its primary place of business in Winter Park. (Doc. 1 at 1). Defendant Arnone is a resident of North Carolina. (Doc. 1 at 2). He is the sole shareholder and officer of Defendant Balanced Body, a North Carolina entity with its principal place of business in that state. (Doc. 1 at 2). Arnone is a chiropractor, operating a medical facility through Balanced Body. (Doc. 12 at 3).

Defendant Michael Jordan ("Jordan") holds the patent for a medical device known as the "ExMi Pelvic Floor Therapy Chair" (henceforth, the "Therapy Chair"). (Doc. 1 at 3). He also owns and manages Defendants ExMi Fit, LLC ("ExMi Fit") and Magic Race, LLC ("Magic Race"). (Doc. 1 at 3). Jordan, through Magic, granted an exclusive licensing agreement for the Therapy Chair to PFCA. (Doc. 1 t 3). On January 10, 2017, Jordan notified PFCA that the exclusive licensing agreement was being terminated. (Doc. 1 at 5). PFCA contends that Jordan did so to allow Arnone and Balanced Body to market and sell the Therapy Chair. (Doc. 1 at 5).

PFCA filed the instant suit on May 19, 2017. (Doc. 1). In Counts IV and V, it asserts a claim against Arnone and Balanced Body, respectively for tortious interference with a business relationship. (Doc. 1 at 9, 11). In Count VI, it asserts a claim for conspiracy to commit tortious interference against Arnone, Balanced Body, Jordan and ExMi Fit. (Doc. 1 at 12). PFCA also asserts claims for an accounting and injunctive relief against Arnone and Balanced Body. (Doc. 1 at

By way of the instant motion, Defendants Arnone and Balanced Body seek dismissal of these claims on the grounds that this Court lacks personal jurisdiction over them.

**II.    Legal Standards**

To determine whether it possesses personal jurisdiction over a nonresident defendant, a district court must undertake a two-part analysis. First, the court must determine whether the forum state's long-arm statute provides a basis for personal jurisdiction. If so, the court must then determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256

(11th Cir. 1996) (quoting *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quotation omitted)).

When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The burden does not return to the plaintiff when the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Id.* If the burden does shift back to the plaintiff, then the plaintiff must provide enough information concerning the nonresident defendant's contacts with the forum to withstand a motion for a directed verdict. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). A district court must view the jurisdictional evidence in the light most favorable to the plaintiff. *Meier*, 288 F.3d at 1269.

### III.    Analysis

PFCA alleges that Arnone and Balanced Body, acting outside of Florida, tortiously interfered with its licensing agreement, thereby causing PFCA to suffer an injury in Florida. In pertinent part, Florida's long-arm statute provides that

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself … to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

….

(b) Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(b). Florida appellate courts are divided as to whether this subsection extends jurisdiction to those who commit tortious acts outside Florida that cause injury within the state. However, the United States Court of Appeals for the Eleventh Circuit has consistently held

that it does.  *See*, *e.g.*, *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1216 (11th Cir. 1999) (discussing its resolution of split of authority among Florida courts).

In support of their motion to dismiss, the Movants provide an affidavit (Doc. 12) from Arnone.  In the affidavit, dated July 5, 2017, Arnone attests that he is a chiropractor and that he operates a medical facility in North Carolina through Balanced Body.  (Doc. 12 at 1).  He states that, prior to the existence of the licensing agreement at issue in this suit, Balanced Body bought a Therapy Chair for use in the North Carolina facility.  (Doc. 12 at 3).  He denies (both on his own behalf and on behalf of Balanced Body) having procured the termination of the licensing agreement and denies having any agreements with Jordan, Magic Race, or ExMi Fit "regarding the manufacture, distribution, license, or use" of the Therapy Chair.  (Doc. 12 at 3).  The Court finds that this denial is sufficient to shift the burden back to PFCA to produce evidence supporting jurisdiction.  *Meier,* 288 F.3d at 1268-69.

Therefore, for this court to possess personal jurisdiction over the Movants, PFCA must present sufficient evidence to withstand a motion for directed verdict on its tortious interference claims.  Under Florida law, the elements of such a claim are:

> (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference.

*Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999) (citations omitted).

At least for purposes of this motion, the Movants do not dispute the existence of the first, second, and fourth elements.  To meet its burden in regard to the third element, *i.e.*, "intentional and unjustified interference with the relationship" by the Movants, PFCA attempts to rely on

discovery responses from Arnone and Balanced Body. In particular, PFCA contends that the Movants' answers to interrogatories show that they "were aware of PFCA's exclusive contractual rights as to the [Therapy Chair] and engaged in negotiations to provide similar services." (Doc. 27 at 4). PFCA further asserts that the discovery responses show that the Movants discussed, with Jordan, "placing the [Therapy Chairs] at issue into Arnone's and Balanced Body's business, which advertises providing the pelvic therapy chair services to the public," thereby "confirm[ing] discussions between the parties that would violate the exclusive licensing agreement." (Doc. 27 at 4).

The Movants' answers tell a different story. In response to an interrogatory seeking all communications or documents "relating to the purchase, lease, use, sale or licensing" of Therapy Chairs dating back to January 1, 2013, Arnone and Balanced Body responded that

> Michael Jordan contacted Philip Arnone and expressed frustration with [PFCA] because approximately 10 [Therapy Chairs] had not been paid for by [PFCA]. Mr. Jordan expressed an interest in placing these [Therapy Chairs] in North Carolina. Philip Arnone spoke with Brad Cole at [PFCA] who demonstrated no interest in placing the [Therapy Chairs] in North Carolina and, as a result, Philip Arnone had no further communications with [PFCA] regarding this issue. Philip Arnone advised Mr. Jordan that he would have to work out his issues with [PFCA]. Balanced Body and Philip Arnone have no business relationships or agreements with Michael Jordan or any of the co-defendants in this case regarding the [Therapy Chairs] used for treatment of incontinence.

(Doc. 27-1 at 8, Doc. 27-2 at 8). Contrary to the Plaintiff's representation, this response cannot reasonably be interpreted as an admission that the Movants negotiated with Jordan to sell the Therapy Chairs despite knowledge of PFCA's exclusive license. Rather, it shows them negotiating with PFCA and walking away when they could not come to an agreement. Even when viewed in the light most favorable to the Plaintiff, this evidence is insufficient to support a

finding that the Movants intentionally and unjustifiably interfered with that agreement. Accordingly, the Plaintiff has failed to meet its burden, and the motion is due to be granted.

### IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 13) filed by Defendants The Balanced Body Center, P.A. and Philip A. Arnone is **GRANTED**, and the claims against those Defendants are **DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 7, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party